IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KRISTINE HENRIKSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No: 07 C 6142 |
| v. ) | |
| ) | Magistrate Judge Jeffrey Cole |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kristine Henriksen seeks an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, arguing that the Commissioner's position in denying her application for Disability Insurance Benefits ("DIB") was not substantially justified. She asks for an award of $6,260.75.

Ms. Henriksen applied for DIB on April 14, 2005, claiming that she had been disabled since January 1, 2003, as a result of obesity and pain and stiffness in her knees. (Administrative Record ("R.") 55-57, 216-18). Her application was denied initially and upon reconsideration, and Ms. Henriksen requested a hearing before an administrative law judge ("ALJ"). (R. 33-39, 46-49, 53). An ALJ conducted a hearing on April 12, 2007, at which Ms. Henriksen, represented by counsel, appeared and testified. (R. 205-237). In addition, William Newman testified as a vocational expert. (R. 205, 230-37). Although Ms. Henriksen, at 5'5" tall, weighed around 350 pounds – about 100 pounds over the definition of extreme obesity (*Memorandum Opinion and Order*, at 17-18) – the ALJ denied Ms. Henriksen's application for DIB because she retained the capacity to perform her

past relevant work. (R. 15-23). This became the final decision of the Commissioner when the Appeals Council denied Ms. Henriksen's request for review of the decision on August 28, 2007. (R. 4-6). *See* 20 C.F.R. §§ 404.955; 404.981. Ms. Henriksen has appealed that decision to the federal district court under 42 U.S.C. § 405(g), and the parties have consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c).

On September 9, 2008, I issued a decision remanding this case to the Commissioner for further proceedings. In her brief challenging the ALJ's decision, Ms. Henriksen advanced quite a few arguments for reversal – a "kitchen sink" brief, as it were – many of which were unsupported or poorly supported, while a few were simply wrong. But there were two that merited discussion and necessitated a remand. I found that the ALJ failed to address a report from a psychiatrist who examined Ms. Henriksen – an examination arranged by the agency – stating that her functioning was reduced by 80% as a result of her depression. This opinion, while seemingly incongruous given the balance of the psychiatrist's report, was nevertheless consistent with the opinion of Ms. Henriksen's treating physician that she was incapable of performing even low stress jobs.

I also found that the ALJ's conclusion that "the subjective record [did] not support [Ms. Henriksen's] allegations of complete disability" was, itself, not supported by the record. The ALJ felt Ms. Henriksen was exaggerating because she engaged in "fairly extensive daily activities," but those activities were actually extremely limited, as the ALJ herself acknowledged elsewhere in her opinion. Ms. Henriksen even had to engage in her lone hobby – a little beadwork – while lying down, and she could only read for fifteen minutes at a time.

Now, Ms. Henriksen seeks an award of attorney's fees and costs under the EAJA. The EAJA provides that a district court may award attorney's fees where (1) the plaintiff is a "prevailing party";

2

(2) the government's position was not substantially justified; (3) no "special circumstances make an award unjust"; and (4) the fee application is submitted to the court within 30 days of final judgment and is supported by an itemized statement. 28 U.S.C. § 2412(d)(1)(A), (B); *Golembiewski v. Barnhart*, 382 F.3d 721, 723-24 (7th Cir. 2004). Costs are available under 28 U.S.C. § 2412(a)(1). Here, by virtue of the remand, the plaintiff is the prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). There are no "special circumstances" alleged. *See Golembiewski*, 382 F.3d at 724; *United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1079 (7th Cir. 2000). The plaintiff's application was timely filed and is supported by an itemized statement. Thus, the issue is whether the Commissioner's position was substantially justified; the Commissioner bears the burden of proof on this point. *Scarborough v. Principi* 541 U.S. 401, 416 (2004); *Golembiewski*, 382 F.3d at 724.

"Substantially justified," of course, is one of the myriad phrases in the law that has no meaningful definition. The Supreme Court has said that the phrase means "justified in substance or in the main." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). It cannot be confused with the substantial evidence standard that applies to a court's initial review of the case. As the *Pierce* court explained: "a position can be justified even though it is not correct . . . ;" *i.e.*, "[the government] could take a position that is substantially justified, yet lose." *Id.* at 566 n.2, 569. The Seventh Circuit has explained that a position is substantially justified if it has a "reasonable basis in law and fact, that is, if a reasonable person could believe the position was correct." *Golembiewski*, 382 F.3d at 724. Such definitions are likely deliberately flexible, but they do leave little guidance for district courts, little guidance for resolving fee questions. It is an oft-repeated command of higher courts that consideration of a fee petition "'should not result in a second major litigation,' " *Pierce*, 487 U.S. at 563; *see also Sosebee v. Astrue*, 494 F.3d 583, 588 (7th Cir. 2007); *United States v. Hallmark*

3

*Const. Co.*, 200 F.3d at 1080. But an EAJA petition is essentially that, as the court is tasked with revisiting the legal and factual circumstances of this case from a completely different perspective – the elusive standard of substantial justification – than it had to review the record with on the initial go round. *See Hallmark Const.*, 200 F.3d at 1080.

Here, the Commissioner argues that the government's position was substantially justified on two bases. For the most part, the Commissioner focuses on language in my opinion dismissing several of Ms. Henriksen's arguments as undeveloped, unsupported, or simply wrong. It is true that the language of the district court's opinion can be a significant factor in determining whether the government's position was substantially justified. *United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1079 (7th Cir. 2000). Strong language against the Commissioner's position in an opinion on the merits is evidence that a position was not substantially justified, *Golembiewski*, 382 F.3d at 724, just as a court decision suggesting a close case supports the denial of EAJA fees. *Cummings v. Sullivan*, 950 F.2d 492, 498 (7th Cir.1991) ("... the closeness of the question is, in itself, evidence of substantial justification."). So, too, here. The focus should not be on how well or poorly the claimant advanced her cause for reversal, but on the justification of the government's position.

Simply because a number of Ms. Henriksen's position's were not well-taken – indeed, served as little more than time-wasters to wade through – does not mean the government's position was substantially justified. Imagine an ALJ denying a claimant benefits for having red hair, and the claimant advancing one or two frivolous arguments – along with the obvious one – for reversal. Clearly, the claimant's missteps would not transform the government's position into one that was substantially justified. *See* Richard Posner, Cardozo: A Study in Reputation, 118 (1990) ("The soundness of a conclusion may not infrequently be tested by its consequences.").

4

The Commissioner's other argument for finding the government's position substantially justified is that fact that this case was remanded because the ALJ failed "to connect all the dots in parts of her analysis and did not fully explain some of her findings" and "failed to consider some evidence." (*Defendant's Response*, at 7). Relying on *Cunningham v. Barnhart*, 440 F.3d 862, 865 (7th Cir. 2006) and *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992), for the propositions that the government's position can still be found substantially justified if the ALJ wasn't sufficiently thorough in her analysis or neglected to consider certain evidence. But neither case necessitates a finding that the government's position here was substantially justified.

In *Stein*, the Seventh Circuit said that an ALJ's failure to adequately articulate the analysis behind a decision or failed to mention certain evidence "in no way necessitates a finding the Secretary's position was not substantially justified." 966 F.2d at 320. But neither does it preclude such a finding. The Seventh Circuit made this clear in *Conrad v. Barnhart*, 434 F.3d 987 (7th Cir. 2006), where it explained that *Stein* did not mean there was a *per se* rule precluding attorney's fees whenever the alleged error is the failure to articulate. 434 F.3d at 991. Again, substantial justification is a flexible standard. That means just as there are varying degrees to which an ALJ's failure to "build a logical bridge" can fail to meet the minimum articulation standard[1], there are varying degrees to which that failure will result in a "not substantially justified" finding.

---

[1] This is borne out by the fact that there are more than a few reversals of district court opinions wherein judges found ALJ's reasoning adequately articulated to allow meaningful review, but the appellate court disagreed. *See, e.g., Craft v. Astrue*, 539 F.3d 668, 677-78 (7th Cir. 2008); *Getch v. Astrue*, 539 F.3d 473, 481-82 (7th Cir. 2008); *Giles ex rel. Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007); *Ribaudo v. Barnhart*, 458 F.3d 580, 584 (7th Cir. 2006); *Young v. Barnhart*, 362 F.3d 995, 1002 (7th Cir. 2004); *Golembiewski v. Barnhart*, 322 F.3d 912, 914-15 (7th Cir. 2003);

In *Craft v. Astrue*, 539 F.3d 668 (7th Cir. 2008), the ALJ also failed to mention a consulting psychiatrist's finding – the same psychiatrist who examined Ms. Henriksen – that the claimant's functioning was reduced by 80%.[2] The court said this evidence "seemed particularly critical to the mental RFC analysis." 539 F.3d at 678. It seems particularly critical here as well. There was only one other report on Ms. Henriksen's psychological condition in the record, from her treating physician, who felt Ms. Henriksen was incapable of even low-stress jobs.[3] The ALJ rejected this opinion, in part, because it was unsupported by the medical record. But it was consistent with the opinion that her functioning was 80% reduced – an opinion the ALJ ignored. It would seem that the ALJ's failure to consider the report had a domino effect on her treatment of the opinion from Ms. Henriksen's treating physician. That makes it a fairly critical piece of evidence and reason enough to find the government's position not substantially justified.

If not, there was also the matter of the ALJ's credibility finding, left unaddressed by the Commissioner in his response to Ms. Henriksen's EAJA petition. Again, there are varying degrees to which an ALJ can fail to meet her obligations in regard to making a credibility finding. In *Golembiewski* for example, the ALJ engaged in *no* credibility discussion whatsoever. 382 F.3d at 724. One could only speculate as to why the ALJ rejected the claimant's testimony; the Commissioner went so far as to argue that the ALJ's credibility finding could be implied. *Id.* The Seventh Circuit rejected that argument, of course, and found the government's position was not

---

[2] Coincidentally, a report from this same psychiatrist appeared to the *Craft* court to be internally inconsistent, just as the report in this case did.

[3] This differentiates this case from a case like *Cunningham* – relied upon by the Commissioner – where the record included reports supporting and detracting from the claimant's claim of disability. 440 F.3d at 864-65.

6

substantially justified. In *Cunningham*, on the other hand, the ALJ discussed the claimant's credibility, but failed to adequately support his determination with reference to the medical evidence that he thought undermined the claimant's complaints. 440 F.3d at 863-64. In finding the government's position substantially justified in that case, the Seventh Circuit stated that it was "not a case in which the Commissioner's position [was] based on speculation with no support in the record." 440 F.3d at 865.

Here, the ALJ's credibility determination simply had no support in the record. There can really be no justification for saying, on the one hand, that Ms. Henriksen "perform[s] very limited activities, tires very easily," and on the other, that her "fairly extensive daily activities" undermine her allegations of complete disability. (R. 19-20, 22). This is along the lines of what the Seventh Circuit called a "serious error[] in reasoning" in *Carradine v. Barnhart*, 360 F.3d 751, 754 (7th Cir. 2004). There, the court took the ALJ to task for failing "to consider the difference between a person's being able to engage in sporadic physical activities and her being able to work eight hours a day five consecutive days of the week." 360 F.3d at 755. It should not go unnoticed that at least the claimant in *Carradine* was able to walk two miles, go shopping, do household chores, and drive. 360 F.3d at 756. That's a relatively robust lifestyle when compared with Ms. Henriksen's: the ALJ reported that she was unable to tie her shoes, could not cook for more than ten minutes, had difficulty getting in and out of chairs, cars, bathtubs, and showers, and needed assistance to walk or stand. (R. 19-20). There is simply no way to find the ALJ's determination that these were extensive activities that were inconsistent with Ms. Henriksen's contention that she was severely limited was substantially justified.

So an EAJA award is appropriate. The Commissioner has no objection to the amount sought – $6,260.75 – and it is certainly well within the range of recent EAJA awards. *Bailey v. Barnhart*, 473 F.Supp.2d 842, 845 (N.D.Ill. 2006)($11,493.88); *Hodges-Williams v. Barnhart*, 400 F.Supp.2d 1093, 1095 (N.D.Ill. 2005)($9,275.00); *Cuevas v. Barnhart*, 2004 WL 3037939, *2 (N.D.Ill. 2004)($8,738.75). The only hesitancy in awarding Ms. Henriksen the full amount of her request stems from the aforementioned "kitchen-sink" nature of her brief. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). In the context of appellate advocacy – after all, that is essentially what a claimant is engaged in when challenging an ALJ's decision – Justice Jackson remarked:

> Legal contentions, like the currency, depreciate through over-issue. The mind of an appellate judge is habitually receptive to the suggestion that a lower court committed an error. But receptiveness declines as the number of assigned errors increases. Multiplicity hints at lack of confidence in any one.... [E]xperience on the bench convinces me that multiplying assignments of error will dilute and weaken a good case and will not save a bad one."

Jackson, Advocacy Before the Supreme Court, 25 Temple L.Q. 115, 119 (1951).

With that in mind, some courts have reduced fee awards, accounting for failed arguments in claimants' briefs. *See, e.g., Prochaska v. Barnhart*, 2007 WL 5601493, *8 (W.D.Wis. 2007) (unsuccessful argument considered unsuccessful claim and award reduced accordingly); *Seamon v. Barnhart*, 2006 WL 517631, *7 (W.D.Wis. 2006)(work spent on losing issue not compensable). Not only would this, in effect, require determining whether a losing argument was substantially justified, but would run counter to the Supreme Court's holding in *Hensley*:

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours *reasonably* spent on the

> litigation.... In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit.

461 U.S. at 435 (emphasis supplied). Even if a claimant advances several failed arguments taking up a substantial portion of her fee request, then, it is the fact that she succeeded in her overall case that matters unless the arguments were unreasonable. *Cf., Cabrera v. Astrue*, 2008 WL 4410094, *3 (S.D.N.Y. 2008)(suggesting that time spent on an argument that was unreasonable or unnecessary be deducted from fee award).

Courts reducing fees have been mindful of *Hensley*, but have nevertheless equated failed arguments with unsuccessful claims for relief. *Prochaska*, 2007 WL 5601493. *8-9. While perhaps such a tack might cause some claimants to streamline their presentations and avoiding the needless time-wasters such as those advanced here, the better view of *Hensley* is held by courts in this district, which award full compensation despite failed arguments. *Kopulos v. Apfel*, 1999 WL 1565201, *2 (N.D.Ill. 1999); *Paige v. Sullivan*, 1989 WL 111884, *3 (N.D.Ill. 1989)(Shadur, J.). Moreover, that kind of policy judgment – and that is what it is – ought to be made by the Supreme Court or by Rule change. *Cf., Johnson v. Daley*, 339 F.3d 582, 587 (7th Cir. 2003). It should not be made on the necessarily speculative and *ad hoc* judgments of trial judges.

In sum, a full award is appropriate here. Nonetheless, litigants ought to be cognizant of the fact that a court's time is a limited resource. "[O]ther litigants [are] waiting in the queue to have their own cases resolved . . . ." *Northern Border Pipeline Co. v. 64.111 Acres of Land in Will County, Illinois*, 344 F.3d 693, 695 (7th Cir. 2003).

## CONCLUSION

For the foregoing reasons, the plaintiff's petition for fees and costs is GRANTED in the amount of $6260.75.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: August 19, 2009